UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:10-CR-29-ART-HAI-3 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| PATRICK BYRON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Thapar (D.E. 247), the Court considers reported violations of supervised release conditions by Defendant Patrick S. Byron. Judge Thapar entered a judgment against Defendant in November 2011 for conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. D.E. 158. Defendant was sentenced to 30 months of imprisonment, followed by five years of supervised release. *Id.* at 2-3. Defendant began his supervised release term on May 10, 2013.

On September 1, 2015, Byron's probation officer filed a noncompliance report. D.E. 243. According to this report, on August 24, 2015, Byron visited the Pikeville federal probation office and submitted a urine specimen that tested positive for suboxone. *Id*. at 1. Byron told the officers present that he had ingested the drug two days prior to treat a backache. *Id*. In light of this violation, his supervising officer reported that she would increase his supervision visits to monitor his compliance and "assist with a treatment referral" for outpatient substance abuse counseling. *Id*. at 1-2.

On March 9, 2016, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated this revocation. First, the Report charges,

in Violation #1, a violation of Standard Condition #7, which provides that the defendant "shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." The Report specifically alleges that, on February 23, 2016, Defendant rendered a "positive drug screen" for suboxone. Defendant admitted "ingesting one-half of an 8 mg strip of Suboxone on approximately February 2, 2016," without a prescription. But he "denied additional use." This is a Grade C violation.

Second, in relation to this positive drug test and admission, the Report charges Defendant with a violation of the condition requiring him to refrain from committing another federal, state or local crime. Noting the Sixth Circuit's decision that use of a controlled substance includes possession, and Defendant's criminal history, Violation #2 charges Defendant with conduct that would be a federal crime. Such conduct would be a Class E Felony pursuant to 21 U.S.C. § 844(a), Simple Possession of a Controlled Substance. This is a Grade B violation.

On March 22, 2016, the USPO issued an addendum to the Report ("Addendum"). The Addendum charges Defendant with a violation of the condition requiring him to refrain from committing another federal, state or local crime. This third violation springs from an incident on March 21, 2016, when Defendant was stopped for speeding. The addendum states that the arresting officer found a bottle containing two types of pills in Defendant's car. Defendant was arrested on the federal warrant stemming from the Report, and additionally charged with "1) Possession of a Controlled Substance, not in a proper container, 1st Offense, 2) Illegal Possession of a Legend Drug, 3) Possession of a Controlled Substance, and 4) Possession of a Controlled Substance, 1st Degree, 1st Offense (Drug Unspecified)." The pills "were suspected to be Hydrocodone (Schedule II) and Gabapentin (legend drug)." According to the Addendum,

the Kentucky citation listed Defendant's first-degree possession offense as a Class D felony. This is a Grade B violation.

The Court conducted an initial appearance pursuant to Rule 32.1 on March 22, 2016, and set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. D.E. 248. At the initial appearance, the United States made an oral motion for interim detention, and Defendant requested release. *Id.* The Court found that detention was appropriate as Defendant did not carry the heavy release burden imposed upon him under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a). *Id.*

At the final hearing on March 30, 2016, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 251. Counsel announced they had reached an agreed disposition whereby Defendant would admit to the two violations in the Report and the government would move to dismiss the violation alleged in the Addendum. The parties recommended a penalty of eight months of incarceration followed by 24 months on supervised release. Accordingly, Defendant competently entered a knowing, voluntary, and intelligent stipulation to violations #1 and #2. *Id.* For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. The United States thus established both violations under the standard of section 3583(e).

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to conspiracy to distribute oxycodone, a Class C felony. *See* 21 U.S.C. §§ 841(b)(1)(C), 846; 18

U.S.C. § 3559.  For a Class C felony, the maximum revocation sentence provided under section 3583 is two years of imprisonment.  18 U.S.C. § 3583(e)(3).  The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted).

Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade C violation with respect to Violation #1 and a Grade B violation with respect to Violation #2.  Given Defendant's criminal history category of I (the category at the time of the conviction in this District) and a Grade B violation,[1] Defendant's Range, under the Revocation Table of Chapter 7, is four to ten months.

In discussing the parties' jointly recommended penalty, the government pointed out that Defendant previously violated his conditions of release by using suboxone.  D.E. 243.  The government argued that his underlying offense of conviction—conspiracy to distribute oxycodone—was serious.  His continuing drug use was also serious, especially after he received outpatient treatment following a positive test for suboxone and no action by the Court.  The government considered Defendant's recent six-month "backslide" to be a serious breach of the Court's trust.  On the other hand, Defendant had previously functioned well on supervised release for approximately two-and-a-half years.  In the government's view, this fact, combined

---

[1] *See* U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.")

with Defendant's willingness to receive drug counseling, showed he had a good capacity for rehabilitation.

Counsel for Defendant agreed with the government's assessment, and added that Defendant had kept a job until he was arrested and that he had completed outpatient treatment. Defendant's girlfriend was also expecting his child.

At the outset, the Court notes that Congress does **_mandate_** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range. The Court first considers the nature and circumstances of Defendant's conviction. The nature and circumstances of Defendant's underlying conviction are very serious. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The distribution of oxycodone poses a significant threat to the community in which it is taking place. And Defendant's subsequent drug use constitutes felonious conduct. Thus, a term of imprisonment is warranted.

The Court next considers Defendant's history and characteristics, and the need to deter criminal conduct and protect the public. Defendant's continued drug use includes felonious conduct that poses dangers to himself and others. The Court is concerned with how casually he appeared to use suboxone, and warns Defendant that such self-medication is not an option. On the other hand, Defendant did undergo successful supervision for two-and-a-half years, and he is amenable to treatment.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender.  The particular conduct is an important but secondary issue.  *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).

Defendant's conduct here represents a significant breach of the Court's trust.  By committing a criminal act while on supervision, Defendant has shown a serious disregard for the conditions of his release, including a return to criminal activity.  Defendant is advised that any further breach of the Court's trust will likely result in a much longer imprisonment term, especially when he received a lenient original sentence.

Ultimately, a sentence of eight months is within the Guidelines Range and, for the reasons stated above, the Court finds is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis.  *See* 18 U.S.C. § 3583(e).  Moreover, the need to avoid unwarranted sentence disparities among defendants with similar records who have committed similar violations is addressed by the recommendation of a sentence within Defendant's Guidelines Range.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation.  *See* 18 U.S.C. § 3583(b) & (h).  Defendant's conviction under 21 U.S.C. § 846 carried a minimum supervised release term of three years, with no maximum.  *See* 21 U.S.C. § 841(b)(1)(C).  Defendant faces no post-revocation cap on any term of supervised release.  The Court

recommends—and the parties agree—that a term of supervised release be re-imposed for a period of two years.

In addition to the penalty jointly recommended by the parties, the undersigned will recommend that Defendant receive more intensive drug treatment. Defendant's previous outpatient treatment involved monthly appointments, and it did not prevent him from abusing drugs. As soon as practicable following release, the Court recommends that Defendant be required to enroll in, and complete, a more intensive substance abuse treatment program. The details of the program, such as its length and whether it should be inpatient or outpatient, are left to the discretion of the USPO. The Court believes that a significant term of supervision following imprisonment, along with more intensive substance abuse treatment, will give Defendant the skills necessary to succeed and to learn to address his addiction.

Based on the foregoing, the Court **RECOMMENDS**:

1. Revocation with a term of imprisonment of eight months;

2. A term of supervised release of two years, under the conditions previously imposed at Docket Entry 158, with the additional condition that, as soon as practicable following release, Defendant shall enroll in, and complete, a more intensive substance abuse treatment program, with the length and nature of such program left to the discretion of the USPO.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Thapar's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended

disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.  Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 4th day of April, 2016.

Signed By:

*Hanly A. Ingram*

**United States Magistrate Judge**